## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **DRH & ASSOCIATES, INC., D/B/A HOUSTON MRI & DIAGNOSTIC IMAGING** | § § § § | |
| *Plaintiff,* | § § § | |
| **v.** | § § § | **Case No. 4:24-cv-2419** |
| | § § § | |
| **HOUSTONIAN MRI, LLC D/B/A HOUSTONIAN MRI & DIAGNOSTIC IMAGING,** | § § § § | |
| *Defendant.* | § § | |

## PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, DRH & Associates, Inc., d/b/a Houston MRI & Diagnostic Imaging (hereinafter "Houston MRI"), files this Original Complaint for Injunctive Relief, and in support thereof respectfully states as follows:

### I. PARTIES

1.     Plaintiff DRH & Associates, Inc., d/b/a Houston MRI & Diagnostic Imaging ("Houston MRI") is a Texas corporation doing business in Texas, with a principal place of business located at 16920 Park Row, Houston, Texas 77084-4920.

2.     Defendant Houstonian MRI, LLC, d/b/a Houstonian MRI & Diagnostic may be served by serving its registered agent, Navid Sayyah, at 807 S. Post Oak Ln., Apt. 2305, Houston, Texas 77056.

### II. JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, as this action arises under United States trademark law, including the Lanham Act, codified at 15 U.S.C. § 1125(a). This Complaint involves claims for unfair competition of the Lanham Act, 15 U.S.C. § 1125, common law trademark infringement, and common law unfair competition.  The Court has

supplemental jurisdiction over Houston MRI's state-law claims under 28 U.S.C. § 1367.

4.     Personal jurisdiction is proper in this Court because Defendant Houstonian does business in Texas and Defendant has engaged in conduct in Texas which has caused Plaintiff harm.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because some or all of the acts of trademark infringement and unfair competition have occurred and continue to occur within this judicial district.

### III. STATEMENT OF FACTS

6.     Houston MRI has specialized in and operated facilities in connection with consulting services in the field of medical diagnostic imaging in Texas since 2012.

7.     In that time, Houston MRI has offered the public a wide variety of diagnostic imaging services using medical imaging apparatus including X-ray, computed tomography, magnetic resonance imaging, ultrasound, and positron emission tomography, all while continuously using the "Houston MRI & Diagnostic Imaging" word mark and design mark with the Houston MRI logo.

8.     The "Houston MRI & Diagnostic Imaging" word and design marks have been used by Houston MRI extensively since at least 2012 in connection with the marketing and provision of medical diagnostic imaging services, testing, and procedures to patients who reside in Texas and other states.

9.     In addition, the design mark is also federally registered and therefore receives nationwide protection. On May 31, 2022, the United States Patent and Trademark Office issued U.S. Trademark Registration No. 6,741,957 ("'957 Registration") for the Houston MRI design mark in international class 044 for "Consulting services in the field of medical imaging regarding the use and operation

of medical imaging apparatus including X-ray, computed tomography, magnetic resonance imaging, ultrasound, and positron emission tomography apparatus; Medical imaging services; [and] Medical radiology services." A true and correct copy of the '957 Registration is attached as Exhibit A.

10.    Houston MRI's federally registered design mark has a distinctive icon ("Houston MRI Icon") featuring a humanlike, line figure in white with raised arms and purple circles varying in size going down the entire midline of the humanlike, line figure, on a circular blue background. The words "Houston MRI & Diagnostic Imaging" in blue font are placed to the right of the Houston MRI Icon, as shown below:



11.    Houston MRI's design mark, along with its word mark, serve as important and distinctive identifiers for the source of certain services, including medical diagnostic imaging services, and the goodwill that Houston MRI has created in those marks.

12.    From 2012 up through the present time, Plaintiff Houston MRI has spent considerable effort promoting its medical diagnostic imaging services under the "Houston MRI & Diagnostic Imaging" marks.  The promotional materials include social media posts and its own website (among other forms of promotion).

13.    Houston MRI registered the domain *houstonmri.com* in 2012.

14.    Since at least 2019, Houston MRI has used the "Houston MRI & Diagnostic Imaging" marks on its Facebook page.

15.    Through use, promotion, and publicity, the public has come to recognize the "Houston MRI & Diagnostic Imaging" marks with Houston MRI's services, including its diagnostic imaging services.

16.     Houston MRI has developed considerable good will through its extensive use and marketing of the Houston MRI Logo and tradename such that the marks have become recognized as associated with Houston MRI and have gained strong rights under common law.

17.     The Houston MRI Logo and word mark are inherently distinctive, as noted by its federal registration. Moreover, through Houston MRI's continuous use of the mark, it has acquired secondary meaning.

18.     After Houston MRI had used the "Houston MRI and Diagnostic Imaging" marks for more than 11 years, Defendant was formed and began using its "Houstonian MRI & Diagnostic Imaging" marks to advertise its services in Houston and the surrounding area.

19.     On or about May 11, 2022, Defendant Houstonian filed a Certificate of Formation in Texas with the Secretary of State.

20.     From its inception, Defendant began using an icon substantially similar to the Houston MRI Logo and a trade name that closely mimicked Houston MRI's trade name and the way in which Houston MRI styled its name:

 

21.     Defendant then made distinguishing between the two companies even more difficult by registering and operating under the domain *houstonianmri.com* in 2022, using the design mark shown above.

22.     Houston MRI's use of the "Houston MRI & Diagnostic Imaging" marks is prior to the use by Houstonian of the "Houstonian MRI & Diagnostic Imaging" marks.

23.     Houston MRI and Houstonian offer the same or similar services under their respective marks and target the same consumers.

24.     The relevant consuming public is the general population who travel in or to Houston, Texas to obtain diagnostic imaging services.

25.     Defendant has advertised, promoted, and identified its services using the "Houstonian MRI & Diagnostic Imaging" icon and word mark.

26.     In fact, the combination of the icon and word mark so closely resembles the Houston MRI marks that there have already been instances of actual consumer confusion.

27.     On or about March 28, 2024, Houston MRI notified Defendant Houstonian of the conflict between Plaintiff's "Houston MRI & Diagnostic Imaging" word and design marks, and Defendant's "Houstonian MRI & Diagnostic Imaging" word and design marks, and the resulting confusion stemming from Defendant's use of similar marks.  Defendant responded with a letter dated April 19, 2024, notifying Houston MRI of Defendant's changes to its design mark.

28.     Although Defendant claims to be using a new logo (shown below), Defendant's prior use of the Houston MRI Logo coupled with the striking similarities that remain between Defendant's new logo and Houston MRI's trade name and logo will not abate the public's confusion about the source of each entity's services.



29.     Defendant's prior use of Houston MRI's protected design mark has already caused confusion, and therefore, a change to Defendant's design mark alone is not enough to remedy the confusion as to source and origin.

30.     The public has been and will continue to be confused unless Defendant is enjoined from using Houston MRI's trade name.

## IV. CAUSES OF ACTION

### COUNT I
### TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §1114

31.     Houston MRI incorporates by reference the allegations contained in Paragraphs 1 through 30 as if fully set forth herein.

32.     Houston MRI is the owner of the registered "Houston MRI & Diagnostic Imaging" word and service mark, Reg. No. 6,741,957.

33.     As noted by Houston MRI's registered trademark, Houston MRI has used the mark in interstate commerce and has substantial common law rights in the trademark.

34.     Houston MRI's use of that mark is senior to Defendant's substantially similar and confusing trade name "Houstonian MRI & Diagnostic Imaging."

35.     The Houston MRI Logo and word mark are inherently distinctive, as noted by its federal registration. Moreover, through Houston MRI's continuous use of the mark, the Houston MRI word mark has acquired secondary meaning.

36.     Consumers of Houston MRI's goods and services are, or likely will be, confused as to the source of the goods and services advertised and offered by Defendant under its substantially similar name.

37.     Such confusion will substantially harm Houston MRI's goodwill and damage Houston MRI's significant investment of time and resources into creating and promoting its trademark.

38.     Defendant is aware of the "Houston MRI & Diagnostic Imaging" mark.

39.     Defendant's actions constitute willful infringement of Houston MRI's rights in the "Houston MRI & Diagnostic Imaging" mark. Houston MRI has been, or

is likely to be, irreparably damaged by Defendant's acts, for which there is no adequate remedy at law.

40.    Based on information and belief, Defendant will continue its acts of unfair competition unless enjoined by this court pursuant to 15 U.S.C. § 1116 or otherwise.  Houston MRI therefore seeks preliminary and permanent injunctive relief to enjoin Defendant's from engaging in further violations of § 1114, including the continued and unauthorized use of the "Houstonian MRI & Diagnostic Imaging" mark that is confusingly similar to Plaintiff's "Houston MRI & Diagnostic Imaging" mark.

**COUNT II**
**UNFAIR COMPETITION UNDER 15 U.S.C. §1125**

41.    Houston MRI incorporates by reference the allegations contained in Paragraphs 1 through 30 as if fully set forth herein.

42.    Houston MRI's extensive use of the "Houston MRI & Diagnostic Imaging" mark has resulted in substantial common law rights therein in connection with the marketing and provision of medical diagnostic imaging services, testing, and procedures throughout Texas and the United States.

43.    Houston MRI has engaged in interstate commercial activity using the Houston MRI Logo and trade name to promote services that include promoting its diagnostic imaging services via the internet, which patients in Texas and neighboring states may access (and have accessed).

44.    The diagnostic imaging services promoted by Defendant directly compete with those provided by Houston MRI to the same market of patients.

45.    Houston MRI's patients or prospective patients are, or likely will be, confused as to the source of the services advertised and presented by Defendant under the "Houstonian MRI & Diagnostic Imaging" trade name and logo.

46.    Defendant's acts described herein constitute false and misleading descriptions or representations of fact which are likely to cause confusion, mistake or

deception as to the affiliation, connection or association of Defendant's services with those of the Plaintiff.  Such acts constitute a violation of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

47.     Defendant's acts described herein constitute a false designation of origin, or a false description or a false representation as to the source of Defendant's services so that the purchasing public in this market may mistakenly believe that Defendant's diagnostic imaging services are in fact provided by Plaintiff.

48.     Such confusion will substantially harm Houston MRI's goodwill and damage Houston MRI's significant investment of time and resources into establishing the "Houston MRI & Diagnostic Imaging" trade name.

49.     Defendant is aware of the "Houston MRI & Diagnostic Imaging" mark.

50.     Defendant's actions constitute willful infringement of Houston MRI's rights in the "Houston MRI & Diagnostic Imaging" mark. Houston MRI has been, or is likely to be, irreparably damaged by Defendant's acts, for which there is no adequate remedy at law.

51.     Based on information and belief, Defendant will continue its acts of unfair competition unless enjoined by this court pursuant to 15 U.S.C. § 1116 or otherwise.  Houston MRI therefore seeks preliminary and permanent injunctive relief to enjoin Defendant's from engaging in further violations of § 1125(a)(1)(A), including the continued and unauthorized use of the "Houstonian MRI & Diagnostic Imaging" mark that is confusingly similar to Plaintiff's "Houston MRI & Diagnostic Imaging" mark.

### COUNT III
### COMMON LAW TRADEMARK INFRINGEMENT

52.     Houston MRI incorporates by reference the allegations contained in Paragraphs 1 through 30 as if fully set forth herein.

53.     Plaintiff Houston MRI uses and has continuously used the "Houston MRI & Diagnostic Imaging" marks while marketing and providing medical diagnostic imaging services, testing, and procedures throughout Texas and the United States.

54.     Plaintiff enjoys common law trademark rights under the common law of the State of Texas, and throughout the United States, in connection with its medical diagnostic imaging and testing services under the "Houston MRI & Diagnostic Imaging" marks.

55.     Defendant's use of "Houstonian MRI & Diagnostic Imaging" constitutes trademark infringement under the laws of the State of Texas.

56.     Consumers of Houston MRI's services are, or likely will be, confused as to the source of the services advertised and offered by Defendant under the "Houstonian MRI & Diagnostic Imaging" mark.

57.     Such confusion has and will continue to substantially harm Houston MRI's goodwill and damage Houston MRI's significant investment of time and resources into establishing the "Houston MRI & Diagnostic Imaging" mark and the goodwill that now surrounds it.

58.     Defendant's acts further constitute a malicious, fraudulent, or grossly negligent attempt to profit from Plaintiff's goodwill developed in the mark "Houston MRI & Diagnostic Imaging".

59.     Based on information and belief, Defendant will continue its acts of trademark infringement unless enjoined by this court.  Houston MRI therefore seeks preliminary and permanent injunctive relief to enjoin Defendant's active and unauthorized use of the "Houstonian MRI & Diagnostic Imaging" mark, which is likely to cause confusion with Houston MRI's "Houston MRI & Diagnostic Imaging" mark.

### COUNT IV
### COMMON LAW UNFAIR COMPETITION AND PASSING OFF

60.     Houston MRI incorporates by reference the allegations contained in Paragraphs 1 through 30 as if fully set forth herein.

61.     Defendant has engaged, and continues to engage, in the aforementioned pattern of deceptive acts and activity. Such conduct has, and is likely to cause confusion, mislead or deceive consumers or potential consumers of Houston MRI's services, and constitutes unfair competition under the laws of the State of Texas.

62.     Based on information and belief, Defendant will continue their acts of unfair competition unless enjoined by this court. Plaintiff seeks a preliminary and permanent injunction against further acts of unfair competition by Defendant.

## VI. PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that the Court enter a judgment against Defendant granting DRH & Associates, Inc., d/b/a Houston MRI & Diagnostic Imaging the following relief:

a.  A preliminary injunction enjoining and restraining Defendant from the use of the mark "Houstonian MRI & Diagnostic Imaging" and any mark that is the same as or confusingly similar to "Houston MRI & Diagnostic Imaging";

b.  A permanent injunction enjoining and restraining Defendant from the use of the "Houstonian MRI & Diagnostic Imaging" mark and any mark that is the same as or confusingly similar to the "Houston MRI & Diagnostic Imaging" mark; and

c.  That the Court declare this is an exceptional case under the Lanham Act and award Houston MRI its attorneys' fees and costs of court; and

d.  That the Court award Houston MRI such other relief as the Court deems proper.

Date: <u>June 26, 2024</u>                                 Respectfully submitted,

*/s/ Joshua J. Bennett*
E. Leon Carter
Texas Bar No. 03914300
lcarter@carterarnett.com
Joshua J. Bennett
Texas Bar No. 24059444
jbennett@carterarnett.com
**CARTER ARNETT BENNETT & PEREZ PLLC**
8150 N. Central Expy, Suite 500
Dallas, Texas 75206
214-550-8188 Telephone
214-550-8185 Facsimile

**ATTORNEYS FOR PLAINTIFF**